IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUDITH L. BLESSING, Individually and as a Representative of the Estate of Gary L. Blessing, Deceased;

Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

4:14CV3023

MEMORANDUM AND ORDER

The parties have briefed the defendant's motion to transfer on the basis of *forum non conveniens*. 28 U.S.C.A. § 1404(a). The Court recently discussed 28 U.S.C.A. § 1404(a) in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568 (2013). As noted in Atlantic Marine:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted). Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid*. (internal quotation marks omitted). The Court must also give **_some_** weight to the plaintiffs' choice of forum. See *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

*Atlantic Marine*, 134 S.Ct. at 581 n. 6 (emphasis added).

Some, but not all, of the factors noted in Atlantic Marine are mentioned in the parties' briefing. In addition, citing Eighth Circuit law, Blessing argues the "plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of the interests weighs in favor of the movant," (citing *BASF Corp.*

*v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994)), which is "particularly true in cases filed under the Federal Employers' Liability Act." (Filing No. 18, at CM/ECF p. 5 (citing, among others, *Boyd v. Grand Trunk Western R.R. Co.*, 338 U.S. 263, 265 (1949)). But <u>Atlantic Marine</u> seems to afford only "some" weight to the plaintiff's choice of forum, and it did so citing and relying on *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955), a FELA case which post-dates <u>Boyd</u>.

Before the court rules on the pending motion to transfer, the parties should be given an additional opportunity to submit briefing which discusses the potential impact of <u>Atlantic Marine</u> on the weight the court should afford to Blessing's choice of forum, and any other factors mentioned in <u>Atlantic Marine</u> but not fully addressed in the currents briefs of record.

Accordingly,

IT IS ORDERED:

1) The defendant's supplemental briefing, along with any additional evidence, on its motion to transfer shall be filed on or before April 11, 2014.

2) The plaintiff's responsive supplemental briefing, along with any additional evidence, shall be filed on or before April 25, 2014.

3) No reply shall be filed absent leave of the court for good cause shown.

March 29, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.